Mr. Justice Thacher
delivered the opinion of the court.
This is an attempt to subject two slaves to an execution against a husband, and is resisted by the wife, on the ground that the slaves are protected as her separate property, by virtue of a marriage settlement. The judgment from which the execution emauated, was obtained in May, 1842, arid was founded upon a promissory note, made by the husband in March, 1836. The marriage settlement was executed and recorded in Wilkinson county, and the two slaves were removed to Yazoo county in the latter part of 1834; but the marriage settlement has not been recorded in Yazoo county.
It was determined in Moss v. Davidson, 1 S. & M. 112, that the statute of 1822, H. & H. 344, sec. 4, requiring deeds respecting the title of persona] property to be recorded in that county in which such property shall remain, and declaring all such deeds void, as to all purchasers for a valuable consideration without notice, and as to all creditors, when such property is removed to a different county, and the deed is not recorded there within twelve months from the date of such removal, applies to marriage settlements, by which the husband settles personal property on the wife before marriage. Upon this subject, the case of Palmer v. Cross, 1 S. & M. 48, does not hold a different opinion, but settles that the act does not apply to conveyances made prior to its passage.
But even an unregistered deed is not void as to general credi *452 tors, unless perhaps to those who have been induced to deal and give credit on the apparent ownership. They have nó lien upon any particular'thing, and contract upon personal responsibility alone; and therefore, by the term “creditors,” must be meant those possessing a judgment or lien. Dixon & Starkey v. Doe ex dem, Lacoste, 1 S. & M. 106. It was proved in this case that the plaintiff in execution had notice of the marriage settlement prior to the date of his judgment, and we need only add that an unregistered deed cannot be avoided in favor of a creditor with notice.
The circuit court, therefore, properly admitted theyinarriage settlement in evidence, and charged the law correctly to the jury.
The judgment is affirmed.